Dear Mr. Petty:
You have requested our opinion whether personnel records of the Metropolitan Commission may be disclosed to an audit firm performing an audit of the Commission pursuant to federal and State law.
In our opinion, an auditor who is performing an audit of the Metropolitan Commission pursuant to the federal Single Audit Act of 1984 is entitled by federal law to obtain access to the Commission's personnel records if the auditor determines that inspection of the records would help achieve the purposes of the audit.
 I Background
The Metropolitan Commission is appointed by the Board of County Commissioners for St. Mary's County. Section 113-1A of the St. Mary's County Code. The Commission has certain duties related to the water and sewerage system in the sanitary districts of St. Mary's County. Pursuant to the public local law creating the Metropolitan Commission, "An audit of the official financial affairs of the Commission shall be performed annually by a certified public accountant firm in the State appointed by the Board of County Commissioners." § 113-1F.
In addition, the Commission is subject to audit as a result of its receipt of certain federal grants and programmatic funds. We shall discuss the legal structure surrounding these federal audits in Part III below.
 II Public Information Act
The Commission is "a unit or instrumentality of the State government or of a political subdivision" that has custody of "public records." See § 10-611(f) of the State Government ("SG") Article, Maryland Code.[1] Hence, the Commission is subject to the requirements of the Public Information Act ("PIA").
Among its PIA obligations, the Commission "shall deny inspection of a personnel record of an individual . . . ." SG § 10-616(i)(1). The only exceptions within this subsection allow inspection by "the person in interest" or that person's supervisor. SG § 10-616(i)(2).
However, the section of which § 10-616(i) is a part begins with the following: "Unless otherwise provided by law, a custodian shall deny inspection of a public record, as provided in this section." SG § 10-616(a). If a "law" outside the PIA "otherwise provides" for someone other than a supervisor to gain access to an employee's personnel records, the PIA's prohibition against disclosure would not apply. For example, the State law broadly empowering the Legislative Auditor to examine pertinent records is "other law" permitting the custodian to allow inspection of confidential personnel records. See SG § 2-1218(a); 76 Opinions ofthe Attorney General ___ (1991) [Opinion No. 91-014 (March 18, 1991)]; 63 Opinions of the Attorney General 453 (1978); 60Opinions of the Attorney General 554 (1975). Cf. 79 Opinions ofthe Attorney General ___ (1994) [Opinion No. 94-044 (August 23, 1994)] (federal district court order is "other law" permitting access to personnel files).
We next consider whether federal law "otherwise provides" for auditor access to personnel records.
 III The Single Audit Act and Its Implementation
The Single Audit Act of 1984, Pub.L. No. 98-502,98 Stat. 2333, imposes uniform requirements for audits of federal financial assistance to state and local governments. "Each State and local government which receives a total amount of Federal financial assistance equal to or in excess of $100,000 in any fiscal year of such government shall have an audit made for such fiscal year in accordance with the requirements of this chapter and the requirements of the regulations prescribed pursuant to § 7505 of this title." 31 U.S.C. § 7502(a)(1)(A).[2] Under 31 U.S.C. § 7505(a), the Director of the Office of Management and Budget ("OMB") is instructed to "prescribe policies, procedures, and guidelines to implement" the Single Audit Act. These federal requirements, in whatever form they take, are binding on recipients of federal financial assistance.
The basic implementing document is OMB Circular A-128, concerning "Audits of State and Local Governments." Among other provisions, OMB Circular A-128 requires an auditor to determine whether "the organization has internal accounting and other controls systems to provide reasonable assurance that it is managing federal financial assistance programs in compliance with applicable laws and regulations."
OMB has also issued a separate document, "Compliance Supplement for Single Audits of State and Local Governments," that "sets forth the major compliance requirements that should be considered in an organization-wide audit of State and local governments that receive Federal assistance."[3] In Part 2 of the Compliance Supplement, OMB sets out certain "compliance requirements [that] shall be included as part of every audit of State [and] local . . . government that involves federal financial assistance . . . ."
One of these involves a prohibition on the use of federal funds for partisan political purposes. Among the "suggested audit procedures" to ensure compliance with this requirement is to "[t]est the personnel and payroll records, and identify persons whose responsibilities or activities include political partisan activity." Another suggested audit procedure, involving the testing of "a sample of employee files," is aimed at determining compliance with the Drug-Free Workplace Act. In addition, an auditor might wish to examine personnel files in order to "review the status of unresolved [civil rights] complaints or investigations . . . ."
None of the suggested procedures is mandatory. Nevertheless, they reflect OMB's decision to empower auditors to examine personnel files for these compliance purposes: "Auditors should apply professional judgment and use any procedures that they choose to decide the extent of reviews and tests performed."
In our opinion, these federal provisions grant to an auditor under the Single Audit Act a right of access to records comparable to that of the Legislative Auditor under SG § 2-1218(a). It follows, then, that an auditor acting pursuant to this authority may obtain access to personnel files, should the auditor deem such inspection to be appropriate, just as the Legislative Auditor may do so. The Public Information Act does not prohibit access under these circumstances, for the grant of authority in the OMB guidelines is federal "law" that "otherwise provides" for disclosure to the auditor.[4]
 IV Conclusion
In summary, it is our opinion that an auditor conducting an audit of the Metropolitan Commission pursuant to the Single Audit Act may obtain access to the Commission's personnel records in furtherance of that audit.
Very truly yours,
 J. Joseph Curran, Jr. Attorney General
 Jack Schwartz Chief Counsel Opinions Advice
[1] For purposes of this opinion, we need not consider whether the Metropolitan Commission is to be deemed a part of the government of St. Mary's County or, instead, a distinct and separate governmental unit. Under either characterization of the status of the Commission, it is subject to the Public Information Act.
[2] If a state or local government receives a total amount of federal financial assistance of at $25,000 but less than $100,000 in a fiscal year, the audit is to be conducted either in accordance with the requirements of the Single Audit Act and its implementing regulations or "any applicable requirements concerning financial or financial and compliance audits contained in federal statutes and regulations governing programs under which such federal financial assistance is provided to that government."31 U.S.C. § 7502(a)(1)(B).
[3] This documents "supplements OMB's Circular A-128 . . . ."
[4] In light of this conclusion, we need not consider the extent of an auditor's implied right of access pursuant to § 113-1F of the St. Mary's County Code.
 *Page 164